# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
PAULA XINIS
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770

June 30, 2026

***VIA ECF***

Re: 26-cv-01018, *Quzack-White et al v. Avanath Largo Center, LLC*

## LETTER ORDER

Plaintiffs Tiffany Quzack-White and Veronica Quzack, through counsel Douglas Jackson-Quzack, filed an Amended Complaint on May 15, 2026, ECF No. 12, and thereafter filed a second motion for a temporary restraining order (TRO) on June 8, 2026, ECF No. 14. The motion became ripe on June 26, 2026. *See* ECF Nos. 15 & 16. The Amended Complaint, renewed motion for TRO, and Plaintiffs' reply in support of their renewed motion include multiple instances of inaccurate or missing case citations. *See* the chart below.

| **Quotation within Amended Complaint (ECF No. 12)** | **Page Number** | **Issue** |
|---|---|---|
| *See, e.g.*, *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277, 1285–86 (11th Cir. 2014) ("there are no magic words" required for a reasonable accommodation request, and "the FHA requires only that the request be sufficiently direct and specific") | 25 | Nonexistent quote |
| *RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 658–59 (2010) (intentional torts including fraud not barred by lack of privity) | 27 | Case nowhere mentions privity |
| *Hyle v. Porter*, 117 Md. App. 464, 478–79 (1997) | 27 | Nonexistent case |
| **Quotation within Plaintiffs' Memorandum in Support of Renewed Motion for Temporary Restraining Order (ECF No. 14-1)** | **Page Number** | **Issue** |
| *Seremeth v. Bd. of Cnty. Comm'rs of Frederick Cnty.*, 673 F.3d 333, 338–39 (4th Cir. 2012) (holding that the ADA's effective-communication mandate is functional and context-specific, requiring communication that is effective "in light of the circumstances of the particular interaction," and obligating entities to provide auxiliary aids or modifications when necessary to ensure effective communication) | 16 | Nonexistent quote |
| *See* Fed. R. Civ. P. 71 (providing that when a federal court order grants relief to a non-party, the intended beneficiary *"may enforce obedience to the order"*) | 16 | |

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAULA XINIS
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770

| | | |
|---|---|---|
| *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997) ("[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.") | 21 | |
| *St. James Const. Co. v. Morlock*, 597 A.2d 1042, 1046 (Md. Ct. Spec. App. 1991) (negligence claim "will not be barred by the Economic Loss Doctrine where there is a substantial risk of serious personal injury or death") | 23–24 | |
| *Pashby*, 709 F.3d at 329 ("[The] loss of critical services... constitutes irreparable injury because the delay in treatment causes compounding harm that cannot be repaired by even the most splendid of post-hoc prizes.") | 29 | |
| *United States v. Reserve Mining Co.*, 514 F.2d 492, 535 (8th Cir. 1975) ("The existence of a hazard to public health creates a sufficient basis for injunctive relief... when the hazard is of a kind that may have grave consequences.") | 30 | |
| The clear purpose of Maryland's housing statutes is to "assure that landlords provide tenants with safe and sanitary housing." *Neal v. Fisher*, 312 Md. 685, 704 (1988). | 31 | |
| Federal courts have held flatly that "[i]t is clearly in the public interest that the Fair Housing Act's mandates be enforced." *Resident Advisory Bd. v. Rizzo*, 564 F.2d 126, 131 (3d Cir. 1977). | 33 | |
| "[T]here is always a public interest in vindicating civil rights" in federal courts. *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 507 (4th Cir. 2016) | 33 | |
| *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 507 (4th Cir. 2016); *accord Newsom v. Albemarle Cnty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) (upholding federal disability rights statutes "is clearly in the public interest") | 33 | |
| In *Centro Tepeyac v. Montgomery County*, 722 F.3d 184, 191 (4th Cir. 2013) (en banc), the Fourth Circuit held that when a case involves a potential civil rights violation, "the balance of equities tips in favor of the party whose rights are being violated" — collapsing the public interest and balance of equities factors into a single determination in Plaintiffs' favor. | 33 | |

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAULA XINIS
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770

| **Quotation within Plaintiff's Reply Brief in Support of Motion for Temporary Restraining Order (ECF No. 16)** | **Page Number** | **Issue** |
|---|---|---|
| *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) ("Because standing is a jurisdictional requirement, we are obliged to consider it sua sponte.") | 4 | Nonexistent quote |
| *Hedgepeth v. United States*, 364 F. Supp. 3d 669, 673 (D. Md. 2023) | 4 | Nonexistent case |
| *Bailey v. Queen's Landing Council of Unit Owners, Inc.*, 2024 WL 3144883, at *4–5 (D. Md. July 24, 2024) (FHA disability discrimination and retaliation claims based on mold and water intrusion survived dismissal) | 6 | Nonexistent case or incorrect citation: 2024 WL 3144883 is a cite to Black's Law Dictionary (11th ed. 2019), "Serious Illness" definition in the insurance context. |
| *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415 (4th Cir. 2018), *aff'd*, 112 F.4th 93 (4th Cir. 2024) | 7 | Incorrect treatment of case. 112 F.4th 93 is the citation to *Gilead Cmty. Servs., Inc. v. Town of Cromwell*, 112 F.4th 93 (**2d Cir**. 2024). |
| Lastly, Avanath faces no cognizable harm from an injunction requiring compliance with the FHA and the obligations it voluntarily assumed under the federal Consent Decree as "[a] defendant enjoined from violating the law 'is in no way harmed.'" *Centro Tepeyac v. Montgomery County*, 722 F.3d 184, 191 (4th Cir. 2013) (emphasis added). | 15 | Nonexistent quote |

The Court is concerned that the errors stem from a lack of care or due diligence either with or without the use of generative AI. Accordingly, by no later than July 15, 2026, counsel for Plaintiffs must show cause as to why the filings include nonexistent cases, cases which do not support the proposition for which the cases are cited, or non-existent quotes attributed to particular cases. Counsel also must affirm by sworn declaration (1) whether he used AI in connection with the drafting process of ECF Nos. 12, 14-1, & 16; and (2) if he did use AI, disclose the AI tools; (3) what remedial steps he will take to ensure the existence and accuracy of substantive case citations and quotations, and (4) submit accurate and correct amended filings.

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAULA XINIS
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770

Failure to respond completely and fully as directed above will result in the Court STRIKING the affected filings without further notice. The Court will take no action on the motion at ECF No. 14 until this preliminary issue is resolved.

Despite the informal nature of this correspondence, it is an ORDER of the Court and shall be docketed as such.

Sincerely,

/s/
PAULA XINIS
United States District Judge