**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **TIFFANY QUZACK-WHITE and VERONICA QUZACK,** *Plaintiffs*, | |
| **v.** | CASE No**: 8:26-cv-01018-PX** |
| **AVANATH LARGO CENTER, LLC, et al.** *Defendants*. | |

**DECLARATION OF DOUGLAS W. JACKSON-QUZACK, ESQ.**
**PURSUANT TO THE COURT'S ORDER TO SHOW CAUSE (ECF NO. 17)**

I, Douglas Jackson-Quzack, Esq. am an attorney admitted to practice before this Court and am Plaintiffs' counsel of record in the above-captioned matter. I submit this Declaration pursuant to the Court's Order to Show Cause dated June 30, 2026 (ECF No. 17).

**1. In Response to Item (1): Whether Generative AI Was Used in the Drafting of ECF Nos. 12, 14-1, and 16.** Yes. Generative AI was used in the preparation of the First Amended Complaint (ECF No. 12), the Memorandum in Support of Plaintiffs' Renewed Motion for Temporary Restraining Order (ECF No. 14-1), and the Reply (ECF No. 16). I take full and unqualified responsibility for the citation and quotation errors that resulted.

**2.** The errors identified in the Court's Order arose during the drafting stage. In the course of iterative AI-assisted drafting, the AI tool substituted, altered, or generated case citations and quotations that diverged from the research I had independently compiled, without flagging those substitutions as requiring independent re-verification before they were incorporated into the filed documents. My own review process did not include a rigorous and vigilant citation-by-citation verification checkpoint sufficient to catch those substitutions before filing. That is a failure of my workflow, and it is a failure I have now corrected.

3. **In Response to Item (2): Disclosure of AI Tools Used**: Two AI tools were used in connection with the preparation of ECF Nos. 12, 14-1, and 16:

**a.** Google Gemini's "Deep Research" function, used to conduct initial legal research and compile sourced case law before any drafting began; and

**b.** Claude, a large language model developed by Anthropic, used as a drafting assistant to convert that research into the brief and memorandum text ultimately filed.

**c.** The citation and quotation errors identified in the Court's Order arose during the drafting stage — not during the initial research stage. No other generative AI tool was used in connection with the filings at issue.

4. **In Response to Item (3): Remedial Steps to Ensure the Accuracy and Integrity of Future Filings.** The following steps have been implemented, not merely proposed:

**a. Verified Legal Research Subscription.** I have purchased a yearly Westlaw Edge subscription (All States and Federal Primary Law, Enterprise Access). Every citation in every future filing will be independently retrieved and verified against Westlaw before filing.

**b. Closed-Universe Drafting Protocol.** When using AI assistance in drafting any filing, I will first independently retrieve the full text of every case to be cited via Westlaw and upload those verified source documents directly into the drafting environment before any drafting begins. The AI drafting tool will then be instructed to draft and cite only from that closed universe of pre-verified documents. Any citation not traceable to a verified document will be removed before filing.

c. **Mandatory Citation-by-Citation Manual Review.** No filing will be submitted to this Court or any court without my independently confirming, through Westlaw, the existence, accuracy, and pincite of every case cited and the verbatim accuracy of every quotation attributed to a case, before signature.

d. **Pre-Filing Verification Log.** For every filing, I will maintain a citation verification log identifying each citation, the Westlaw source used to verify it, and the date of verification, retained as part of the file.

**5.** The combination of a verified Westlaw subscription, a closed-universe drafting protocol, and mandatory manual citation review is specifically designed to make a repetition of this error structurally impossible, not merely less likely.

**6. In Response to Item (4): Submission of Accurate and Corrected Filings**

a. I have conducted a complete citation-by-citation audit of ECF Nos. 12, 14-1, and 16, addressing every citation identified in the Court's Order

b. Every citation identified in the Court's Order has been addressed as follows: nonexistent cases have been removed in their entirety; real cases cited for propositions they do not support have been removed or replaced with controlling authority that does support the proposition; and fabricated or unverified quotations have been replaced with accurate paraphrases confirmed against the verified text of the opinion.

c. Filed simultaneously with this Declaration are the following as instructed in the Court's Order:

i. Corrected Amended Complaint

ii. Corrected Memorandum in Support of the Renewed Motion for TRO and Preliminary Injunction, and

iii. TRO Reply Brief

**7.** Each corrected filing has addressed and rectified each error in citation and quotation corrected without altering the substance of the legal arguments in support of the relief that Plaintiffs seek.

**8.** The undersigned assures the Court that he will verify every single legal citation before submitting subsequent filings.

**Dated**: July 15, 2026

Respectfully submitted,

/s/ Douglas W. Jackson-Quzack
**Douglas W. Jackson-Quzack, Esq.**
D. Md. No 20223
Counsel for Plaintiffs
(240) 355-0251
Doug.Quzack.Esq@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, a true and correct copy of the was served upon all counsel of record via the Court's CM/ECF electronic filing system:

Preston P. Heck II, Esq. | PHeck@shulmanrogers.com

Matthew M. Moore, Esq. | MMoore@shulmanrogers.com

/s/ Douglas W. Jackson-Quzack
**Douglas W. Jackson-Quzack, Esq.**